IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLAUDIO POP, *on behalf of himself and all others similarly situated*, | ) ) ) | CASE NO. 5:19-cv-00659 |
| Plaintiff, | ) ) | |
| v. | ) ) | MAGISTRATE JUDGE KATHLEEN B. BURKE |
| PERMCO, INC., et al., | ) ) | |
| Defendants. | ) ) | **MEMORANDUM OPINION & ORDER** |

Plaintiff Claudio, *on behalf of himself and all others similarly situated*, ("Pop" or "Plaintiff") filed a Class and Collective Action Complaint alleging Defendants Permco, Inc. ("Permco") and Guyan International, Inc. ("Guyan") (referred to collectively as "Defendants") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and statutes and common law of Ohio by failing to pay for all hours, including overtime hours, worked. Doc. 1.

Pending before this Court is Pop's Motion for Conditional Certification, Opt-In Identification Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. § 216(b) ("Motion"). Doc. 19. Defendants have opposed Plaintiff's Motion (Doc. 21) and Plaintiff filed a reply (Doc. 22). In his Motion, Pop requests that this Court conditionally certify a collective action consisting of:

> All present and former hourly manufacturing workers and workers with similar job titles and/or duties at Defendants' Streetsboro, Ohio location during the period of three years preceding the commencement of this action [March 25, 2016] to present.

Doc. 19, p. 1 (alteration supplied).

For the reasons discussed herein, the Court **GRANTS in part and DENIES in part** Pop's Motion.

1

I.    **Background**

"Defendants are a 'leading manufacturer of high-pressure hydraulic gear/vane pumps and motors, flow dividers, intensifiers, and accessories.'"  Doc. 1, p. 3, ¶ 8, Doc. 12, p. 1, ¶ 6.  "Defendants' manufactured products include displacement pumps and motors."  *Id.*  Pop was employed by Defendants and worked as a manufacturing worker.  Doc. 1, p. 4. ¶¶ 13-14, Doc. 19-1, p. 1, ¶ 3.  Pop was an hourly employee and worked for Permco from about November 2018 until May 2019.  Doc. 1, p. 4, ¶ 14, Doc. 19-1, p. 1, ¶ 2.  Pop's primary job was a CNC machinist at Permco's Streetsboro, Ohio location.  Doc. 19-1, p. 1, ¶ 3.

Plaintiff contends that Defendants violated the FLSA by regularly failing to pay Pop and similarly situated workers overtime at a rate of one-and-one-half times their hourly pay rate for each hour worked over 40 hours in a single week.  Doc. 19, p. 4.  Pop argues that conditional certification is warranted because Defendants, in violation of the FLSA, applied the following four policies uniformly to all employees:

- rounding down an entire quarter of an hour to systematically deny overtime to employees when they worked over forty (40) hours in a workweek;

- failing to pay for pre-shift compensable work that was performed for Defendants' benefit, and constituted part of hourly employees' principal activities and/or was integral and indispensable to their principal activities;

- docking pay for meal breaks, whether or not employees actually received a bona-fide meal period; and

- failing to pay for post-shift compensable work that was required by Defendants, was performed for Defendants' benefit and constituted part of hourly employees' principal activities and/or was integral and indispensable to their principal activities.

Doc. 19, p. 4.

II.    **Law and analysis as to conditional certification**

A.  **Law**

The FLSA provides that an action for violations of 29 U.S.C. § 207[1] "may be maintained against an employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which the action is brought." 29 U.S.C. § 216(b). Thus, 29 U.S.C. § 216(b) "establishes two requirements for a representative action: 1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). This type of action – one which allows similarly situated persons to "opt into" the action – is referred to as a collective action and "is distinguished from the opt-out approach utilized in class actions under Fed. R. Civ. P. 23." *Id.* Under the FLSA statute, courts are vested with "discretion to facilitate notice to potential plaintiffs in appropriate cases." *Waggoner v. U.S. Bancorp*, 110 F.Supp.3d 759, 764 (N.D. Ohio 2015) (citing *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (internal quotations omitted)).

Courts within the Sixth Circuit follow a two-step approach to determining whether a case should proceed as a collective action. *Kinder v. MAC Mfg.*, 318 F.Supp.3d 1041, 1045 (N.D. Ohio 2018); *Waggoner*, 110 F.Supp.3d at 764. The first step, which has been referred to as the "notice stage," takes place at the beginning of discovery and, the second step occurs after all opt-in forms are received and discovery has been completed. *Comer,* 454 F.3d at 546; *Kinder*, 318 F.Supp.3d at 1045; *Waggoner*, 110 F.Supp.3d at 764.

At the first step, in order to obtain conditional certification, a plaintiff bears the burden of showing "whether [the] proposed co-plaintiffs are, in fact, 'similarly situated.'" *Comer*, 454

---

[1] 29 U.S.C. § 207 relates to overtime. 29 U.S.C. § 216 also authorizes actions for violations of other provisions of the FLSA.

F.3d at 546; *Kinder*, 318 F.Supp.3d at 1045; *Waggoner*, 110 F.Supp.3d at 764; *Ouellette v. Ameridial, Inc.*, 2017 U.S. Dist. LEXIS 107952, * 5 (N.D. Ohio July 12, 2017). To meet this burden, a plaintiff "must make a 'modest factual showing' and must show 'only that his position is similar, not identical, to the positions held by the putative class members.'" *Kinder*, 318 F.Supp.3d at 1045 (quoting *Comer*, 454 F.3d at 546-547); *see also Waggoner*, 110 F.Supp.3d at 764; *Ouellette*, 2017 U.S. Dist. LEXIS 107952, ** 5-6. This is a "fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Comer*, 454 F.3d at 547 (internal citations and quotations omitted). At this initial stage, courts generally do not "consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Waggoner*, 110 F.Supp.3d at 765. As stated by another court in this district: "The Sixth Circuit has observed that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Waggoner*, 110 F.Supp.3d at 765 (citing *O'Brien v. Ed Donnelly Enters, Inc.*, 575 F.3d 567, 585 (6th Cir. 2009) (internal quotations omitted). "[H]owever, that showing of a unified policy of violation is not required to support conditional certification of a collective action." *Id.* (citing *O'Brien* 575 F.3d at 584 (internal quotations omitted)). Instead, "plaintiffs may also meet the similarly situated requirement if they can demonstrate, at a minimum, that their claims are unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* (citing *O'Brien* 575 F.3d at 585 (internal quotations omitted)); *see also Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D. Ohio 2014).

In assessing whether a plaintiff has met this burden, courts have considered "factors such as [1] whether potential plaintiffs were identified; [2] whether affidavits of potential plaintiffs

were submitted; and [3] whether evidence of a widespread discriminatory plan was submitted." *Castillo*, 302 F.R.D. at 486; *Waggoner*, 110 F.Supp.3d at 765. While courts look to whether affidavits of potential plaintiffs have been submitted, "submitting affidavits from potential plaintiffs is not a prerequisite to conditional certification." *Rembert v. A Plus Home Health Care Agency, LLC*, 2018 U.S. Dist. LEXIS 72816, * 4 (S.D. Ohio May 1, 2018). "A court can conditionally certify a collective action under the FLSA on the strength of a single affidavit or declaration if that document sets forth sufficient facts from which the court may reasonably infer the existence of other employees who were subject to the same wage and work hours policy as plaintiff." *Id.* at ** 4-5; *see also e.g. Hawkins v. Extended Life Homecare*, 2019 U.S. Dist. LEXIS 30887, * 7 (S.D. Ohio Feb. 27, 2019) (granting conditional certification where only one affidavit was submitted).

### B. Plaintiff has met his burden for conditional certification

The Court finds that Pop has met the "fairly lenient standard" applied at this early stage. Plaintiff alleges various unlawful policies regarding time and attendance that applied to all manufacturing workers and his affidavit identifies those policies and avers that two time and attendance policies which, by their own terms apply to "all employees," were posted at the job site. Doc. 1, Doc. 19-1, p. 3, ¶¶ 12-13. One of those policies states, in part, "Any employee who clocks in 1 minute late will lose 15 minutes of their original start time." Doc. 19-1, p. 3, ¶ 12. Another policy states, in part, "If you clock in late you will be paid 15 minutes past your clock in time" and "If you clock in 15 minutes early you will be paid from your original start time." Doc. 19-1, p. 3, ¶ 13, Doc. 19-6. Other alleged unlawful policies, as described in the Complaint and Pop's affidavit, relate to pre- and post-shift work and meal periods. Doc. 19-1, pp. 2, ¶¶ 8-11. Additionally, Pop's affidavit states:

> I understand that the pay practices discussed above were company-wide and applied to myself and Defendants' other hourly manufacturing workers. I know that other manufacturing workers of Defendants were subject to the same policies and practices as I was with regard to hourly pay, pre- and post-shift work, meal periods, 15 minute deductions, and overtime work. I know this because we worked under the same terms, I spoke to them about the way we were paid, I worked alongside them, and I observed them while they completed their duties. I personally observed other manufacturing workers working time outside their shift time.

Doc. 19-1, p. 4, ¶ 17.

Defendants' opposition to the motion for conditional certification makes broad conclusory claims that the factual allegations presented by Pop are individualized and cannot support conditional certification. Doc. 21, p. 3. However, Defendants present no affidavit to support its contentions. Moreover, at this stage of the proceedings, courts do not "consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Waggoner*, 110 F.Supp.3d at 765. The Court finds that the allegations in the Complaint along with Pop's affidavit demonstrate that the claims of Pop and putative class members are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *See Hawkins*, 2019 U.S. Dist. LEXIS 30887, * 7 (citing *O'Brien* 575 F.3d at 585). Thus, Pop has met the similarly situated requirement in order to be entitled to conditional certification.

### C. Content of notice

In its opposition to Plaintiff's Motion, Defendants argue that, if the Court grants conditional certification, Pop's proposed notice must be revised to address the following items: (1) statute of limitations; (2) the definition of the proposed collective; (3) the length of the opt-in period; (4) whether the notice should include language advising opt-in plaintiffs of the costs that may be imposed if the Defendants prevail; (5) whether the notice should include a statement that

the opt-in plaintiffs may be required to participate in discovery; and (6) whether the notice should be sent by regular mail only, not by regular mail and email. Doc. 21, pp. 4-7.

*Statute of limitations*

Defendants contend that the notice should be limited to two rather than three years, arguing that Plaintiffs allegations at this juncture are insufficient to trigger the three-year statute of limitations for a willful violation. Doc. 21, pp. 4-6. Plaintiff opposes Defendant's request. Doc. 22, pp. 5-7. The Court finds that Defendants' argument is a merits-based argument and therefore premature. *See e.g. Kinder*, 318 F.Supp.3d at 1048. Accordingly, the notice shall encompass the three-year period.

*Definition of the proposed collective*

Defendant contends that the proposed collective is overbroad, arguing that the terms "manufacturing worker" and "workers with similar job titles and/or duties" are vague and ambiguous. Doc. 21, p. 6. The Court agrees in part. The Court finds that the following language in the proposed collective – "and workers with similar job titles and/or duties" – is vague and ambiguous and shall not be included in the proposed collective. Thus, the proposed collective shall read as follows:

> All present and former hourly manufacturing workers at Defendants' Streetsboro, Ohio location during the period of three years preceding the commencement of this action [March 25, 2016] to present.

*Length of the opt-in period*

Defendants contend that Plaintiff's proposed 60-day opt-in period should be shortened to 45 days. Doc. 21, p. 6. Plaintiff recognizes that courts within the Sixth Circuit have found that both 45- and 60-day opt-in periods are appropriate. Doc. 22, p. 8. The Court finds that 45 days is a sufficient period of time in which to provide notice to the putative class members and to

allow them an opportunity to consider the notice. Further, as discussed below, the Court finds that both regular mail and email notice is appropriate. Thus, since email notice will be provided, the longer period of 60 days is not necessary. Accordingly, the notice should allow for a 45-day opt-in period.

*Notice regarding costs if Defendants prevail*

Defendants argue that the proposed notice shall include a statement that plaintiffs may be responsible for the Defendants' costs if the Defendants prevail in the litigation. Doc. 21, p. 6. Plaintiff argues that inclusion of such language may dissuade putative members from opting in and should not be included. Doc. 22, pp. 8-9. The Court finds that Defendants' request is a reasonable request and will provide putative members with a more complete understanding of the litigation that they are considering opting into. However, the language included shall clearly indicate that costs does not include attorney fees.

*Notice regarding participation in discovery*

Defendants argue that the notice shall include a statement that opt-in plaintiffs may be required to participate in discovery. Doc. 21, p. 7. Defendants suggest that the following language be included in the notice – "While this suit is proceeding, you may be required to respond to written questions, sit for deposition and/or testify in court." Doc. 21, p. 7. Plaintiff points out that his proposed notice already includes language similar to that proposed by Defendants, i.e., "If you return the attached Consent Form, you should be aware that . . . <u>you may be required to provide information, sit for a deposition, or testify in Court.</u>" Doc. 22, p. 9 (emphasis in original) (citing Doc. 19-7, p. 2). However, Plaintiff states he is in agreement with using Defendants' proposed language. Considering Plaintiff's agreement in this regard, Defendants' proposed language regarding participation in discovery shall be substituted for

Plaintiff's current language with the exception that the word "a" shall be inserted before "deposition" in Defendants' proposed language to accurately reflect that a plaintiff is not required to sit for more than one deposition.

*Method of sending notice to opt-ins*

Defendants oppose Plaintiff's proposal for notice by both regular mail and email. Doc. 21, p. 7. Plaintiff continues to request that notice be sent by both methods. Doc. 22, p. 10. The Court finds that sending notice by regular mail and email is appropriate.

### III. Conclusion

For the reasons discussed herein, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion for Conditional Certification, Opt-In Identification Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. § 216(b) (Doc. 19).

The Court hereby conditionally certifies the following collective action:

> All present and former hourly manufacturing workers at Defendants' Streetsboro, Ohio location during the period of three years preceding the commencement of this action [March 25, 2016] to present.

Within 14 days, Defendants shall provide Plaintiff with a list of names, last known address, email addresses, and dates of employment for the individuals described in the collective action being conditionally certified herein.

Also, no later than the close of business on September 5, 2019, Plaintiff shall revise its proposed notices in a manner consistent with this opinion and file a motion for approval of the proposed regular and email notices to be sent to the putative collective action members.

Date: September 3, 2019

*/s/ Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge